**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, | ) ) ) ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) ) | **[On Removal from the State Court of Gwinnett County, CAFN: 21-C-02768-S5]** |
| PENTAIR FILTRATION SOLUTIONS, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NOTICE OF REMOVAL BY DEFENDANT**
**PENTAIR FILTRATION SOLUTIONS, LLC**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Pentair Filtration Solutions, LLC (hereinafter "Defendant Pentair"), hereby removes this action to this Court, showing the Court as follows:

**THE REMOVED CASE**

1.     This removed case is a civil action filed by Plaintiff American National Property and Casualty Company ("Plaintiff") on or about April 8, 2021, against Pentair in the State Court of Gwinnett County, State of Georgia, in the action entitled *American National Property and Casualty Company v. Pentair Filtration Solutions, LLC*, Civil Action No. 21-C-02768-S5.

2.       Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant Pentair as of the date hereof are attached hereto as **Exhibit A** and incorporated herein by reference as if fully set forth.

### COMPLIANCE WITH THE REMOVAL STATUTE

3.       This Notice of Removal is properly filed in the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. § 1446(a), because the State Court of Gwinnett County is located in this federal judicial district.

4.       Defendant Pentair received service of the Complaint on or about April 13, 2021, as evidenced by the Notice of Service of Process.  *See* Notice of Service of Process, contained in **Exhibit A**.  This Notice is filed within thirty (30) days after receipt by Defendant Pentair of the "initial pleadings setting forth the claim for relief upon which such action or proceeding is based," pursuant to 28 U.S.C. § 1446(b)(1).  Consequently, Defendant Pentair has timely filed this Notice under 28 U.S.C. § 1446(b)(1).

5.       Written notice of the filing of this Notice of Removal will be provided to Plaintiff, and a copy of this Notice of Removal will be filed in the appropriate state court, as required by 28 U.S.C. § 1446(d).

6.      All Defendants that have been properly joined and served have joined in or consented to the removal, as indicated by their signing below.  *See* 28 U.S.C. § 1446(b)(2)(A).

## DIVERSITY JURISDICTION

7.      In the Complaint, Plaintiff alleges that on August 13, 2019, a water filter designed and manufactured by Defendant Pentair failed in an insured's home and resulted in water damage to the residence and the contents contained therein. *See* Compl. ¶¶ 6–8.   Plaintiff further alleges that a subsequent investigation revealed that water damage was caused by a malfunction and/or defect within Defendant Pentair's product. *Id.* at ¶ 9.

8.      As explained herein, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), in that (i) removal by Defendant is timely; (ii) there is complete diversity of citizenship between Plaintiff, on the one hand, and Defendant, on the other; and (iii) the amount in controversy, more likely than not, exceeds the sum or value of $75,000.00, exclusive of interest and costs.  As such, pursuant to 28 U.S.C. § 1441(a), the removal of this action is proper and appropriate.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

9.     There exists complete diversity of citizenship between Plaintiff, on the one hand, and Defendant, on the other, both at the time of the filing of the Complaint and as of the date hereof.

10.     A corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (defining corporation's principal place of business as "place where a corporation's officers direct, control, and coordinate the corporation's activities").

11.     Plaintiff is a Missouri corporation with its principal place of business in Springfield, Missouri.  *See* Compl. ¶ 1; Georgia Corporations Division Printout – Plaintiff, attached hereto as **Exhibit B**.  Thus, Plaintiff is a citizen of Missouri.

12.     Defendant Pentair is a Delaware corporation with its principal place of business in Hanover Park, Illinois.  *See* Georgia Corporations Division Printout – Defendant, attached hereto as **Exhibit C**.  Thus, Defendant Pentair is a citizen of Delaware and Illinois.

13.     For purposes of diversity jurisdiction, a limited liability company is "'a citizen of any state of which a member of the company is a citizen.'"  *Hunt v. Nationstar Mortg.*, LLC, 684 F. App'x 938, 941–42 (11th Cir. 2017) (quoting

*Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022

(11th Cir. 2004)).

14.    Defendant Pentair is a limited liability company.  The sole member of

Defendant Pentair is Pentair Water Group, Inc.  Pentair Water Group, Inc. is a

Delaware corporation with its principal place of business in Delavan, Wisconsin.

*See* Wisconsin Corporations Division Printout, attached hereto as **Exhibit D**.[1]

Thus, Pentair Water Group, Inc., and, in turn, Defendant Pentair, is a citizen of

both Delaware and Wisconsin.

15.    Consequently, complete diversity of citizenship exists between

Plaintiff, on the one hand, and Defendant, on the other, for purposes of establishing

diversity jurisdiction under 28 U.S.C. § 1332(a).

## THE AMOUNT IN CONTROVERSY
## REQUIREMENT IS SATISFIED

16.    The monetary value of the amount in controversy exceeds $75,000.00.

17.    Plaintiff alleges that as a result of a claim that its insured made under

the applicable policy, it "has sustained damages for which Defendant is liable in

the amount of $78,448.45." *See* Compl. ¶ 15.

18.    In view of these facts, the amount in controversy more likely than not

exceeds $75,000.00 by a preponderance of the evidence for purposes of diversity

---

[1] Pentair Water Group, Inc. is not registered in the State of Georgia.

jurisdiction.  28 U.S.C. § 1332(a); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).

19.    Thus, the state court action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Georgia; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000.00.

## FILING OF REMOVAL PAPERS

20.    Pursuant to 28 U.S.C. § 1446(d), this written Notice of Removal of this action has been given simultaneously to Plaintiff's counsel, and a Notice of Filing Notice of Removal is simultaneously being filed with the State Court of Gwinnett County, State of Georgia.  A true and correct copy of the Notice of Filing is attached hereto as **Exhibit E**.

WHEREFORE, Defendant files this Notice of Removal and removes this action from the State Court of Gwinnett County, State of Georgia, to this Court. By the notice attached hereto as **Exhibit E**, Defendant shall forthwith notify Plaintiff and the Clerk of the State Court of Gwinnett County of its filing of this Notice of Removal in accordance with 28 U.S.C. § 1446(d).

[*Signature on Following Page*]

DATED: May 10, 2021.

                                                          **WEINBERG, WHEELER,**
**HUDGINS, GUNN & DIAL, LLC**

*/s/ George B. Green, Jr.*
_____

Jonathan T. Krawcheck
Georgia Bar No.: 429320
George B. Green, Jr.
Georgia Bar No.: 665716

*Attorneys for Defendant, Pentair*
*Filtration Solutions, LLC*

3344 Peachtree Road, Suite 2400
Atlanta, GA  30326
Tel: (404) 876-2700
Fax: (404) 875-9433
jkrawcheck@wwhgd.com
ggreenjr@wwhgd.com

7

## <u>RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE</u>

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

DATED: May 10, 2021.

*/s/ George B. Green, Jr.*

_____

George B. Green, Jr.

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing upon opposing counsel via

CM/ECF, Email, and U.S. Mail addressed as follows:

Derrick L. Bingham
Julie R. Comer
OWEN GLEATON EGAN JONES & SWEENEY, LLP
303 Peachtree Street, NE
Suite 2850
Atlanta, Georgia 30308
bingham@owengleaton.com
jcomer@owengleaton.com

This 10th day of May, 2021.

**WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC**

*/s/ George B. Green, Jr.*

_____

Jonathan T. Krawcheck
Georgia Bar No.: 429320
George B. Green, Jr.
Georgia Bar No.: 665716

*Attorneys for Defendant, Pentair
Filtration Solutions, LLC*

3344 Peachtree Road, Suite 2400
Atlanta, GA  30326
Tel: (404) 876-2700
Fax: (404) 875-9433
jkrawcheck@wwhgd.com
ggreenjr@wwhgd.com